UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON GUTIERREZ SALOM,

       Petitioner,

    v.                               Case No.:  2:26-cv-01750-SPC-KRH

SECRETARY OF HOMELAND
SECURITY *et al.*,

       Respondents,

                               /

## **OPINION AND ORDER**

Before the Court are petitioner Aaron Gutierrez Salom's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Gutierrez Salom is a citizen of Spain and Venezuela.  He lawfully entered the United States in 2017 under the Visa Waiver Program ("VWP").  He applied for asylum on February 16, 2018, and the application remains pending. Gutierrez Salom has maintained work authorization, and he had temporary protected status through 2025.  On April 11, 2026, Border Patrol arrested Gutierrez Salom during a traffic stop and issued him a Notice of Intent to Issue a Final Administrative Removal Order, which summarized DHS's case for removal and informed Gutierrez Salom he had 48 hours to contest removability.

The notice appears fraudulent.  It states Gutierrez Salom refused to acknowledge receipt of the document by signing it.  But a Border Patrol officer

digitally marked boxes indicating Gutierrez Salom admitted the allegations, did not want to request asylum, and wished to be removed from the United States.  Why would Gutierrez Salom refuse to sign the notice if he admitted its allegations and wanted to be removed?  It makes no sense. The Court reminds counsel of his obligations under Federal Rules of Civil Procedure 11.

In any event, contrary to the notice and DHS policy, Border Patrol ignored the 48-hour period and immediately issued a Final Administrative Removal Order.  It states DHS will proceed with removal unless a court issues a stay of removal or an asylum application is pending before the Executive Office of Immigration Appeals.

On April 13, 2026, Immigration and Customs Enforcement ("ICE") took custody of Gutierrez Salom and transferred him to Alligator Alcatraz.  He reports—and the government does not dispute—unsanitary conditions, overcrowding, inadequate food, contaminated drinking water, limited access to medical care, and difficulty communicating with his attorney.  Guiterrez Salom challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The government argues Gutierrez Salom is detained under 8 U.S.C. § 1231 because he is subject to an administratively final removal order.  But the removal order is not final.  In *Johnson v. Guzman Chavez*, the Supreme Court explained a removal order is administratively final when there are no further

agency review proceedings to determine removability, and DHS is free to execute the removal order absent a judicial stay. 594 U.S. 523, 534-53 (2021). While Gutierrez Salom's removal order purports to be administratively final, it also states that DHS will not proceed with removal while an application for asylum, withholding, or deferral of removal is pending before the Executive Office for Immigration Review. (Doc. 5-1 at 7). Likewise, federal regulation does not permit summary removal of a VWP visitor with a pending asylum claim. *See* 8 C.F.R. § 217.4(b)(1) ("an alien who was admitted as a Visa Waiver Program visitor who applies for asylum in the United States must be issued a Form I-863 [Notice of Referral to Immigration Judge] for a proceeding in accordance with 8 CFR 208.2(c)(1) and (c)(2)").

Gutierrez Salom's asylum application remains pending. Because the administrative proceeding to determine Gutierrez Salom's removability is ongoing, he is not subject to an administratively final removal order. *See Nreka v. U.S. Atty. Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a VWP proceeding is so closely tied to the removal of the alien that it can be deemed—in conjunction with the referral to the immigration judge—as a final order of removal"). What is more, it does not appear ICE has issued a Form I-863, a prerequisite to removal here. In short, Gutierrez Salom is not subject to an administratively final removal order. § 1231 does not authorize Gutierrez Salom's detention, and the government's

due-process argument—which is based on the existence of an administratively final removal order—fails.

The Court turns to Guitierrez Salom's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Gutierrez Salom's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. That is especially true given the abysmal conditions of detention. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions give Gutierrez Salom no opportunity to contest the reasonableness of his detention. Because Border Patrol agents ignored the 48-hour notice period before issuing the removal order and likely made false statements in the notice, Gutierrez Salom had no opportunity to contest issuance of the removal order. And ICE is now relying on the prematurely issued removal order to subject Gutierrez Salom to mandatory detention under § 1231. ICE cannot remove Gutierrez Salom before referring his asylum claim to an immigration judge, and there is no indication referral is underway. He is thus subject to indefinite detention with no opportunity whatsoever to challenge it. To make matters worse, it is undisputed that Gutierrez Salom has been unable to adequately communicate with his attorney.

Third, while the government has a legitimate interest in executing removal orders, ICE does not show how Gutierrez Salom's detention serves that interest. As explained above, ICE must refer Gutierrez Salom's asylum claim to an immigration judge, and it has not even begun that process. What is more, Gutierrez Salom has actively engaged with immigration officials by

applying for asylum and temporary protected status and maintaining work authorization. If his asylum claim fails, ICE should have no trouble bringing Gutierrez Salom back into custody for the purpose of executing the removal order.

The Court finds that ICE violated Gutierrez Salom's Fifth Amendment rights by detaining him without any process whatsoever.

Accordingly, it is hereby

**ORDERED:**

Aaron Gutierrez Salom's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Gutierrez Salom within 24 hours of this Order and notify his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record